[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an accelerated calendar case submitted to this court on the briefs of the parties.
Appellant, Drake Industries ("Drake"), appeals from a decision of the Portage County Court of Common Pleas awarding judgment in favor of appellee, Akro-Plastics, in the amount of $79,646. For the reasons that follow, we modify and affirm the judgment of the trial court.
The following facts are relevant to the determination of this appeal. Akro-Plastics manufactures plastic backboards which are fitted into medical stretchers at its facility in Kent, Ohio. In early 1993, Akro-Plastics and Drake entered into an oral agreement whereby Drake would pick up various quantities of these stretcher backboards at the Kent facility and take them to its own facility in Constantine, Michigan. There, Drake was to inject foam into the boards, cap them and return them to Kent. The finished product was sold to municipalities through a dealer network.
In March 1993, a fire occurred at Drake's facility in Michigan. A total of three-hundred sixty-two backboards belonging to Akro-Plastics were either destroyed or rendered worthless in the fire. Thereafter, it was learned that an additional three-hundred nineteen backboards had been improperly processed by Drake and were also worthless.
On January 23, 1995, Akro-Plastics filed a complaint in the trial court seeking recovery for the damage inflicted upon its property while in the possession of Drake. On October 16, 1995, Akro-Plastics filed a motion for summary judgment. Drake filed a motion in opposition on November 20, 1995, arguing that the court should apply Michigan law. The trial court applied Ohio law and granted Akro-Plastics' motion for summary judgment on November 28, 1995. Judgment was entered against Drake in the amount of $79,646.
Drake appealed the decision to this court. On October 7, 1996, we reversed the decision due to Akro-Plastics' failure to adequately set forth the grounds upon which it moved for summary judgment and because the trial court improperly calculated damages. Akro-Plastics v. Drake Industries (1996), 115 Ohio App.3d 221. The matter proceeded to a trial on September 3, 1997. The only witness to testify was the President of Akro-Plastics, Jerold Ramsey. At the conclusion of the trial, the judge stated on the record that he was awarding judgment once again to Akro-Plastics. He determined, based on the evidence presented, that each of the six-hundred eight-one backboards had a value of $130 and that multiplying those figures together resulted in a potential award of $88,530. He then lowered the figure to $79,646 as that was the amount set forth in Akro-Plastics' prayer in its complaint. The trial court's judgment was made official on September 5, 1997.
Pursuant to a motion made by Drake, the trial court issued findings of fact and conclusions of law on January 14, 1998. Drake timely filed a notice of appeal and has now set forth two assignments of error.
In the first assignment of error, Drake contends that the trial court's award of damages was against the manifest weight of the evidence. Drake relies extensively on this court's earlier decision in this case. In Akro-Plastics, 115 Ohio App.3d at 226, this court set forth the general rule of law regarding the calculation of damages:
 "It is axiomatic that every plaintiff bears the burden of proving the nature and extent of his damages in order to be entitled to compensation. * * * When a defendant causes a loss to the plaintiff's personal property, the general rule is that damages are to be measured by the difference between the fair market value of the property immediately before the loss and the fair market value of the property immediately after the loss. * * * Where the property is completely destroyed, the damages are to be reduced by the salvage value of the scrap." (Citations omitted.)
It is undisputed that the damaged goods in this case had no salvage value.
We then recognized that when goods are not in the hands of consumers but, instead, are somewhere in the chain of distribution, the concept of fair market value is less obvious.Id. at 227. For wholesalers and retailers, the price of the goods is to be determined by the replacement cost, or the wholesale value of the goods. The wholesaler or retailer is not entitled to resale price because it has not yet made the sale, and there is no reason to award the seller an unearned profit. Id. at 227.
With respect to manufacturers, however, we stated:
 "The theory underlying the replacement cost measure of damages for wholesalers and retailers applies equally to the manufacturer, although the manufacturer does not purchase goods in the same sense that the wholesaler and retailer do. If the manufacturer's goods are destroyed, it is in the position to acquire more raw materials and produce substitute goods to sell thereafter in the normal course of business. Additionally, it has not yet sold the goods to a wholesaler, retailer, or directly to the consumer, and so has not yet earned any profit. We find the aforementioned authorities persuasive, and hold the proper measure of damages in tort actions to recover damages for injuries to goods still belonging to the manufacturer to be the replacement cost, or the cost to manufacture substitute goods, immediately before the loss, less the salvage value of the goods, if any, immediately after the loss." Id. at 228.
Based upon the foregoing analysis, we specifically held that Akro-Plastics was not entitled to the wholesale cost of the backboards of $130 each but, instead, was limited to the replacement cost which is measured by the cost to manufacture them. Id. at 228.
Thus, the trial court has erred in determining that Akro-Plastics is entitled to recover $130 for each of the backboards destroyed while at Drake's Michigan facility since that was the price Akro-Plastics received when it sold the backboards. Clearly, they are only entitled to recover the replacement cost of the items which Jerold Ramsey testified was only $78 per backboard. However, in all other respects, the trial court's reasoning was correct.
Accordingly, Akro-Plastics is only entitled to $53,118 which represents its loss of six-hundred eight-one backboards at $78 a piece.
In the second assignment of error, Drake asserts that the trial court erred in applying Ohio law rather than Michigan law to the instant cause. This identical argument was raised in the first appeal and we rejected it based upon the fact that Drake had failed to properly demonstrate how Ohio law and Michigan law are in conflict.
Drake's contention is that the fire that destroyed the backboards was caused by an employee grinding a trailer hitch which sent sparks into a nearby stack of paper. Thus, Drake argues that since Michigan law is unique in its application of a no-fault doctrine to damages arising out of the operation, maintenance or ownership of motor vehicle, including a trailer, it has established a conflict of laws which would affect the outcome of this case.
In the first appeal, we rejected Drake's argument because of a dearth of evidence in the record to support its claim that work on a trailer caused the fire. Once again, in reviewing the record including the trial transcript, there is no evidence to support Drake's claim that the fire was caused by work on a trailer. Other than statements by Drake's counsel, there is nothing to augment Drake's assertion on appeal.
Accordingly, for the same reasons given in our first opinion in this matter, Drake's second assignment of error is without merit.
Based upon the foregoing analysis, the judgment of the trial court is modified and judgment is entered in favor of Akro-Plastics in the amount of $53,118. The judgment is affirmed in all other respects. _____________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J.,
NADER, J., concur.